**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **ERIK DAVIDSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 23-cv-1227** |
| | ) | |
| **TAZEWELL COUNTY JAIL,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MERIT REVIEW ORDER**

Plaintiff, proceeding *pro se*, filed a complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights at the Tazewell County Jail ("Jail"). (Doc. 1). The case is now before the Court for a merit review of Plaintiff's claims. The Court must "screen" Plaintiff's complaint, and through such process, identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges he was incarcerated in the Jail in February 2022. During this time, his home in Marshall County, Illinois was burglarized. Plaintiff put in a request to speak with a police officer to make a police report. Plaintiff was advised to contact Marshall County, but Marshall County refused to accept a collect call from another Jail. Plaintiff states that his valuables were

stolen, the home was vandalized, and people were squatting in his house. Due to the damage, Plaintiff was only able to sell his house for $5,500 in September 2022.

Plaintiff also alleges that another inmate at the Jail stole his truck after he was released in August 2022. Plaintiff put in a request at the Jail to make a police report. Plaintiff was told that the Jail had contacted Marshall County and someone would take the report, but no one from Marshall County ever came to speak with Plaintiff.

Finally, Plaintiff alleges he was unable to speak with his attorney in January 2023, in preparation for his trial because he was placed in a holding cell without a phone. As a result, his attorney was forced to request a continuance. This claim does not appear to be related to the allegations regarding Plaintiff's house and stolen vehicle. These allegations are not properly joined in one lawsuit. Unrelated claims against the same defendant may be joined in one action, but different defendants can be joined in one action only if the claims against them arise from the same series of transactions or occurrences. Fed. R. Civ. P. 18, 20; *Kadamovas v. Stevens*, 706 F.3d 843 (7th Cir. 2013) (court "can require the plaintiff 'to file separate complaints, each confined to one group of injuries and defendants.'") (quoted cite omitted).

Plaintiff names the Tazewell County Jail as the sole Defendant, but the Jail is a building, not a "person" that can be sued for constitutional violations under 42 U.S.C. § 1983. *Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). The Tazewell County Jail is DISMISSED with prejudice. The Court will allow Plaintiff one opportunity to file an amended complaint naming any Jail officials who allegedly violated his constitutional rights. *See id.*

**IT IS THEREFORE ORDERED:**

**1) Plaintiff's complaint is dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. The Tazewell County Jail is DISMISSED with prejudice. The Clerk is directed to TERMINATE the Jail.**

**2) Plaintiff shall have one opportunity to file an amended complaint within 30 days from the entry of this Order. Plaintiff's amended complaint will replace Plaintiff's complaint in its entirety. The amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted. Failure to file a timely amended complaint will result in the dismissal of this case.**

**3) Plaintiff filed a Motion to Request Counsel [4]. Plaintiff has no constitutional or statutory right to counsel in this case. In considering the Plaintiff's motion, the Court asks: (1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself? *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). Plaintiff did not indicate what attempts he made to obtain counsel. Plaintiff's motion [4] is DENIED with leave to renew.**

ENTERED: 10/23/23

s/ James E. Shadid
James E. Shadid
United States District Judge