UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ERIK DAVIDSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. 23-cv-1227 |
| | ) |
| HUTTON, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MERIT REVIEW ORDER – SECOND AMENDED COMPLAINT

Plaintiff, proceeding *pro se*, filed a Second Amended Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights at the Tazewell County Jail ("Jail"). (Doc. 14). The case is now before the Court for a merit review of Plaintiff's claims. The Court must "screen" Plaintiff's Second Amended Complaint, and through such process, identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* The Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient— the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

### ALLEGATIONS

Plaintiff files suit against Correctional Officers Hutton and Randell. On January 8, 2023, Plaintiff was brought to the Jail and placed in a holding cell. Plaintiff alleges he was not allowed to use the phone or write a letter to communicate with the outside world. Plaintiff does not indicate who he needed to contact and what harm he suffered.  !

1

Additionally, Plaintiff alleges Defendants prevented him from meeting with his attorney to strategize about his case. Plaintiff and his attorney had located a witness to testify in Plaintiff's case. When Plaintiff's attorney came to the Jail to meet with him, Defendants allegedly told the attorney that Plaintiff was not there, forcing the attorney to seek a continuance in Plaintiff's case until February. By then, the witness could no longer be found.

## ANALYSIS

"Detainees have the right to hire and consult an attorney," *Potts v. Moreci*, 12 F. Supp. 3d 1065, 1077 (N.D. Ill. 2013), and a "fundamental right of access to the courts." *Guajardo–Palma v. Martinson*, 622 F.3d 801, 803 (7th Cir. 2010) (quoting *Johnson v. Daley*, 339 F.3d 582, 586 (7th Cir. 2003)). "The right to hire and consult an attorney is protected by the First Amendment's guarantee of freedom of speech, association and petition." *Denius v. Dunlap*, 209 F.3d 944, 953 (7th Cir. 2000) "[T]he state cannot impede an individual's ability to consult with counsel on legal matters." *Denius*, 209 F.3d at 954 (citing *Bates v. State Bar of Ariz.,* 433 U.S. 350, 376 n.32 (1977)). The right of access to the courts "is violated when a prisoner is deprived of such access and suffers actual injury as a result." *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009).

Plaintiff will be permitted to proceed on a claim against Defendants for the alleged denial of his right of access to the courts when they prevented Plaintiff from meeting with his attorney by falsely telling the attorney that Plaintiff was not at the Jail.

**IT IS THEREFORE ORDERED:**

1) According to the Court's Merit Review of Plaintiff's Second Amended Complaint under 28 U.S.C. § 1915A, this case shall proceed on a First Amendment claim against Defendants Hutton and Randell for allegedly denying Plaintiff access to the courts. Additional claims shall not

2

be included in the case above, except in the Court's discretion on motion by a party for good cause shown under Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendants before filing any motions to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing a waiver of service. If Defendants fail to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on Defendants and will require Defendants to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

4) Defendants shall file an answer within 60 days of the date the Clerk sends the waiver of service. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until Defendants file a motion. Therefore, no response to the answer is necessary or will be considered. If Defendants have not filed an answer or appeared through counsel within 90 days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter a scheduling order setting discovery and dispositive motion deadlines.

5) If Defendants no longer work at the address Plaintiff provided, the entity for whom Defendants worked while at that address shall submit to the Clerk Defendants' current work

address, or, if not known, Defendants' forwarding address. This information shall be used only for effectuating service. Documentation of Defendants' forwarding address shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6) This District uses electronic filing, which means that after Defendants' counsel has filed an appearance, Defendants' counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendants' counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants' counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

ENTERED:    4/2/2024

                                                                          s/ James E. Shadid
                                                                          James E. Shadid
                                                                          United States District Judge